PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TONYA HEADE, ) | |
| ) | CASE NO. 5:14CV1963 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| TUSCARAWAS COUNTY SHERIFF, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |

*Pro se* Plaintiff Tonya Heade filed this action under 42 U.S.C. § 1983 against the Tuscarawas County Sheriff, Tuscarawas County Jail Corrections Officer Sherry Creager, and Attorney George Urban. In the Complaint, Plaintiff alleges she was wrongfully convicted of smuggling drugs into the jail. ECF No. 1 at 4. She requests that her criminal conviction be reversed, and removed from the Tuscarawas County Court of Common Pleas docket.

### I. Background

Plaintiff alleges she was arrested on August 16, 2013. ECF No. 1 at 4. She indicates that when she was brought into the jail, she was searched by Officer Creager. ECF No. 1 at 3. She contends she asked Creager to take her to a hospital because she believed she had been sexually assaulted and wanted a rape kit to be completed. ECF No. 1 at 3. Instead, Creager continued with the body cavity search and discovered drugs concealed in Plaintiff's genitalia. ECF No. 1 at 4. She was indicted for conveying drugs into the jail on October 30, 2013. ECF No. 1 at 4. George Urban represented her at trial. ECF No. 1 at 4. She was convicted on June 4, 2014 of bringing

(5:14cv1963)

methamphetamine into a detention center. ECF No. 1 at 4. She contends Urban did not call witness on her behalf and did not mention her request for a rape examination prior to the search. ECF No. 1 at 4. Her appeal of her conviction is still pending. ECF No. 1 at 5. She does not assert any legal claims in her Complaint, but she requests that "any and all legal actions against [her] be dismissed and removed from dockets." ECF No. 1 at 5.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Twombly, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Iqbal, 556 U.S. at 678. A pleading that offers

2

(5:14cv1963)

legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

#### A. No Legal Claims

As an initial matter, Plaintiff does not specify the legal claim or claims she wishes to assert and none are apparent on the face of the Complaint. Although the standard of review is liberal for *pro se* pleadings, the Complaint must give the Defendants fair notice of what Plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996). Plaintiff has not articulated any specific claim against any of the Defendants named and unnamed in the Complaint, apparently relying on the Court to identify a claim under which she can recover. Courts, however, cannot construct unasserted claims for any litigant, including a *pro se* plaintiff, and then proceed to test whether the asserted facts fit that claim or claims so as to evade dismissal of a Complaint. The Court's role is to adjudicate disputes, not assist in asserting them. Without some indication of the legal causes of action she wishes to assert, Plaintiff's Complaint is dismissed for failure to state a claim.

#### B. Challenges to Conviction

Moreover, even if Plaintiff had identified a legal claim in her Complaint, she could not challenge her conviction in a civil rights action. She seeks reversal of her conviction and asks that

3

(5:14cv1963)

any legal actions against her be removed from the Court of Common Pleas Docket. To obtain relief from a conviction, her sole remedy in federal court is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 February 27, 2015  /s/ *Benita Pearson*
Date  Benita Y. Pearson
 United States District Judge